UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


UNITED STATES OF AMERICA


vs.                                          2:S11-cr-108-FtM-29SPC


MAURICE COLBERT
MATTHEW ROLLINS

_____


**OPINION AND ORDER**


This matter comes before the Court on Defendants Maurice Colbert's and Matthew Rollins' Motion for Judgment of Acquittal, Notwithstanding the Verdict, or in the Alternative, for a New Trial (Docs. ## 223, 226.)  The United States filed a Consolidated Response (Doc. #227) in opposition.

The legal principles that apply in deciding a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) are well-established:

> In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt.  The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury.  The District Court's determination that the evidence introduced at trial was insufficient to support the jury's verdict of guilt is [an] issue of law entitled to no deference on appeal.

United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (quoting United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989)(internal citations omitted)). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. Merrill, 513 F.3d 1293, 1299 (11th Cir. 2008) (internal quotation marks and citation omitted). Applying these principles to the evidence presented in this case, the Court finds that the government met its burden as to all of the elements of each count upon which a conviction was found, and that a reasonable jury could have found defendant guilty beyond a reasonable doubt as to the counts of conviction. Therefore, Defendants' motions for a Judgment of Acquittal will be denied.

Defendants also maintain that a new trial should be granted in the interest of justice under Fed. R. Crim. P. 33 because the verdicts are contrary to law, the evidence, and the manifest weight of the evidence. Unlike a Rule 29 motion, Rule 33 allows the district court to weigh the evidence and consider the credibility of the witnesses, although to grant such a motion "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004). Applying this

standard to the evidence presented at trial, it is the Court's view that the verdicts of guilty are not against the weight of the evidence. Having heard the evidence and making independent credibility determinations, the Court fully agrees with the guilty verdicts in this case.

Finally, the Court continues to be of the view that the suppression of the Title III materials was not appropriate. The unspecified evidentiary errors raised in the motion do not support either a new trial or a judgment of acquittal.

Accordingly, it is now

**ORDERED**:

1. Defendant Maurice Colbert's Motion for Judgment of Acquittal, Notwithstanding the Verdict, or in the Alternative, for a New Trial (Doc. # 223) is **DENIED.**

2. Defendant Matthew Rollins' Motion for Judgment of Acquittal, Notwithstanding the Verdict, or in the Alternative, for a New Trial (Doc. # 226) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of March, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record